

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-5051
Re: Has the State Treasurer legal
authority to execute the re-
leases requested by the Great
American Life Insurance Com-
pany under the facts stated?

We quote from your letter of January 15, 1943, re-
questing the opinion of this department on the above stated
question as follows:

"The Great American Life Insurance Company
of San Antonio, Texas, requested the State Trea-
surer to execute two partial releases on secur-
ities deposited under provisions of Article 4716.
The first release covers 1.32 acres of land and
the other covers 1.96 acres out of the original
110.48 acres which is the security covering a
note for $6,000.00. This land is required by
Dallas County because of a relocation highway
right-of-way. The note will be reduced by $200.00
when payment is made by Dallas County.

"The Insurance Commission advises that the
partial releases by the State Treasurer meets the
approval of that department.

"We kindly ask you to advise the duties and
responsibility of the State Treasurer in this con-
nection. Would it be permissible for the State
Treasurer to execute the releases requested by the
above Great American Life Insurance Company?

". . . ."

The Great American Life Insurance Company of San Antonio, Texas, is a domestic life insurance company organized and doing business under the provisions of Chapter 3, Title 78, Vernon's Annotated Civil Statutes. It is noted that you refer to "securities deposited under provisions of Article 4716". We have been informed by a representative of your department and a representative of the Insurance Department that this is a typographical error and that the securities on which a partial release is desired, were deposited with the State Treasurer under the provisions of Article 4739, Vernon's Annotated Civil Statutes.

We were further informed that the note deposited by the above mentioned life insurance company with the State Treasurer, under the provisions of the above mentioned statute, is a $6,000.00 note secured by a first lien on the real estate mentioned in the first paragraph of your letter. It is our understanding that Dallas County is acquiring a small portion of said tract of land either by purchase or condemnation proceedings in connection with the relocation of a public highway in said county. We further understand that Dallas County desires a release of the land securing the above mentioned note on the real estate acquired by said county.

Article 4739, Vernon's Annotated Civil Statutes provides:

"Any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, organized under the laws of this State, may at its option, deposit with the State Treasurer securities equal to the amount of its capital stock, and may, at its option, withdraw the same or any part thereof, first having deposited in the treasury in lieu thereof other securities equal in value to those withdrawn. Any such securities, before being so originally deposited or substituted, shall be approved by the Commissioner. When any such deposit is made, the Treasurer shall execute to the company making the deposit a receipt therefor, giving such description to such securities as will identify the same; and such company shall have the right to advertise such fact, or print a copy of the treasurer's receipt on the policies it may issue; and the proper

officers or agents of each insurance company mak-
ing such deposit shall be permitted, at all rea-
sonable times, to examine such securities and to
detach coupons therefrom and to collect interest
thereon, under such reasonable rules and regula-
tions as may be prescribed by the Treasurer, and
the Commissioner. Such deposit when made by any
company shall thereafter be maintained as long as
said company shall have outstanding any liability
to its policy holders. For the purpose of State,
county, and municipal taxation, the situs of all
personal property belonging to such companies shall
be at the home office of such company."

It will be noted that Article 4739, supra, author-
izes any company named therein, at its option, to deposit
with the State Treasurer securities equal to the amount of
its capital stock. This statute further provides for the
withdrawal of said securities under certain circumstances
and conditions mentioned therein and the substitution of
other securities in lieu of the original securities deposit-
ed, further providing that any such securities, before be-
ing so originally deposited or substituted, shall be approved
by the Board of Insurance Commissioners. Such deposit when
made by any company shall thereafter be maintained as long
as said company shall have outstanding any liability to its
policyholders. The company so depositing such securities may
at its option withdraw the same or any part thereof, after
first having deposited in the treasury in lieu thereof other
securities equal in value to those withdrawn. In other words,
this statute authorizes the depositing and withdrawal of se-
curities under certain circumstances and conditions mentioned
therein, but said statute does not authorize a release of
said securities in any manner whatsoever.

Generally speaking, public officers and governmental
and administrative boards possess only such powers as are ex-
pressly conferred upon them by law are necessarily implied
from the powers so conferred. They cannot legally perform
acts not authorized by existing law. Statutes which prescribe
and limit the exercise of official duty are strictly construed
in respect of the powers conferred and the manner of their
exercise and such powers are not to be enlarged by construc-
tion. It is equally well settled that a law which confers

a power or imposes a duty upon an officer or board carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed. (See Texas Jurisprudence, Volume 34, page 440 and authorities cited therein).

We have been unable to find any statute authorizing the State Treasurer to release in whole or in part any securities deposited with the State Treasurer under the provisions of Article 4739, supra. Therefore, it is our opinion that the State Treasurer has no legal authority to release in whole or in part any security deposited with the State Treasurer which is deposited under the provisions of Article 4739. It is our further opinion that the life insurance company so depositing the security in question may withdraw the same after first having deposited with the Treasurer in lieu thereof other securities equal in value to the one withdrawn.

In opinion No. 0-4258 this department held that

". . . where the statute requires the Treasurer to hold the vendor's lien or mortgage lien notes, it is his duty to require a written transfer of the lien securing said notes, duly recorded, and then hold said notes with the transfer so recorded in his possession, under the terms of the statute.

". . .

"The transfer should be made in trust to the party holding the note, being either the State Treasurer or the Board of Insurance Commissioners, and when the notes are paid, or the depositor decides to take same down, the trustee can either release or retransfer the notes. . . ."

We enclose a copy of said opinion.

We do not think that this opinion (No. 0-4258) is applicable to the question under consideration. This opinion is not to be construed as holding that when the note is paid or the depositor decides to take the same down that the trustee, (the Treasurer in this case) cannot release or retransfer the note. In this opinion we merely hold that the

Treasurer has no authority to release the security deposited and that if the life insurance company withdraws the security said company must deposit in lieu of the security withdrawn other securities equal in value to the security withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp
Encl.

APPROVED FEB 12, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN